United States District Court
Southern District of Texas

**ENTERED**

July 20, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TUNJI JEMI-ALADE III, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-787 |
| | § | |
| JP MORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Tunji Jemi-Alade III, a frequent filer who represents himself, sues JP Morgan Chase Bank, National Association, based on jumbled allegations that he is the victim of identity theft and that $999,999.99 is potentially missing from an account at Chase.  (Docket Entry No. 23).  The court previously granted Chase's motion to dismiss but allowed Jemi-Alade to file an amended complaint.  (Docket Entry No. 16).  Jemi-Alade filed an amended complaint, and Chase again moved to dismiss.  (Docket Entry No. 23, 26).  Jemi-Alade did not respond to the second motion to dismiss.[1]

The court grants the motion to dismiss the amended complaint for failure to state a claim[2] and dismisses this case, with prejudice, because Jemi-Alade's amended complaint is still deficient

---

[1] Jemi-Alade did not directly respond to the motion to dismiss but instead filed (1) a motion for production of documents, which the court denied because it did not appear to request any particular relief, and (2) an exhibit showing that he is not eligible for certain health care benefits.  (Docket Entry Nos. 28, 29, 33).  The court's order denying Jemi-Alade's request for documents directed him to file a proper response to the pending motion to dismiss no later than July 10, 2026.  (Docket Entry No. 29).  He did not do so.

[2] Chase also asks this court to dismiss for lack of standing.  (Docket Entry No. 26 at 8).  Read generously, Jemi-Alade's allegations are functionally that Chase cost him money in his accounts, and those injuries are redressable in the form of damages.  That is sufficient for Article III standing, even if not the merits.  *See Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1359 (11th Cir. 2021).

and further amendment would be futile.  The amended complaint allegations against Chase do not state a plausible claim for relief.  Jemi-Alade's allegations appear to be that Chase: (1) closed Jemi-Alade's accounts due to identity theft; (2) failed to send Jemi-Alade's bank records to some unknown third parties, which is somehow related to Chase giving permission for third parties to send him text messages; (3) failed to provide bank statements to unknown third parties from 2018 to July 2024; (4) allowed an agent to make decisions about his account, including about account closure, even though Jemi-Alade "would have continued to be aware that [his] self-employment income was $8333.33/month disclosed and with only $215 to $216 in it without restriction"; (5) disclosed to the federal government that Jemi-Alade had a trust account potentially worth $999.999.99 (the exact nature of the $999,999.99 is unclear) but sent a check for only $215 to $216[3]; (6) gave him a phone number to call to reinstate self-management of his business checking account but that number turned out to be only for employees; (7) failed to send Jemi-Alade reasonable notice of all bank statements from an unidentified construction company; (8) attempted to help Jemi-Alade recover his account after the alleged identity theft but failed to minimize all risks; and (9) failed to confirm his account balance of $999,999.99 within a reasonable time period and to act in good faith regarding that account.  (*See generally* Docket Entry No. 23).

None of these jumbled and incomplete allegations are sufficient to state a claim, and particularly not under the statutes that Jemi-Alade identifies as the basis for his claims.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but

---

[3] The court has previously explained that Jemi-Alade has filed numerous cases against other banks and entities in front of this court, often but not always related to the same allegedly "found" $999,999.99. (Docket Entry No. 16 at 1 n.1).

it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Jemi-Alade's confusing and incomplete allegations do not meet Rule 8's requirements, and this court has repeatedly warned Jemi-Alade of the need to clearly state a plausible claim for relief.

Moreover, as Chase correctly points out, to the extent that Jemi-Alade articulates that he is "amending [his] complaint to request relief and damages under Uniform Commercial Code UCC § 9:35 – Buyer's Exclusive Remedy for Late Delivery and Liquidated Damages," (Docket Entry No. 23 at 1), the applicable section of the UCC (which Chase ultimately identifies as the sale of goods under Article 2) is irrelevant. (Docket Entry No. 26 at 13–14). To the extent that Jemi-Alade also asserts a claim under Article 9 of the UCC, that also fails. Article 9 applies to secured transactions, and none of Jemi-Alade's vague allegations involve a secured transaction. Finally, although Jemi-Alade no longer clearly identifies the Fair Credit Reporting Act as a basis for his claims, to the extent he still means to do so, he continues to fail to state a claim under the FCRA as well. (*See* Docket Entry No. 16 at 2–3).

The court warned Jemi-Alade that this was his final opportunity to file an amended complaint and that it had to comply with the requirements of Rule 8. (Docket Entry No. 16 at 3). He has failed to do so. That Jemi-Alade is proceeding pro se is no excuse for repeatedly filing inadequate complaints. Although pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*

3

*v. Gamble*, 429 U.S. 97, 106 (1976)), "pro se status does not provide an 'impenetrable shield,' 'for one acting pro se has no license to harass others, clog the machinery with meritless litigation and abuse overloaded court dockets,'" *Hunsinger v. Valor Intelligent Processing*, No. 3:25-cv-1880-X-BT, 2026 WL 271032, at *2 (N.D. Tex. Jan. 13, 2026) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)), *report and recommendation adopted*, 2026 WL 269365 (N.D. Tex. Jan. 30, 2026).

The court grants the motion to dismiss and dismisses this case, with prejudice, for failure to state a claim and for failure to comply with the court's order that Jemi-Alade file a sufficient complaint. (Docket Entry No. 26). Final judgment is separately entered.

SIGNED on July 17, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge